Good morning. My name is Roy Kahn. I represent the appellant in this case, Juan Reynoso. He was the respondent in the case below. I'd ask for two minutes for rebuttal time, please. Thank you. Your Honor, this case arose from a district court order of contempt that was issued against Mr. Reynoso. The case began back in June of 2024. Mr. Reynoso was under investigation on a worldwide fraud, and he was aware he was under investigation. He had counsel. Government seized his computer and his telephone when he entered Miami International Airport back in June of 2024, and they discovered that there were cryptocurrencies that he may have had access to. We're pretty familiar with the facts, so you can go right to the legal argument. Yes, sir. As we raised in the brief, the district court entered an order of civil contempt based upon pleadings that had been filed both by Mr. Reynoso's counsel and the responses filed by the government without ever providing an opportunity to be heard, either at an evidentiary or non-evidentiary hearing. Can I ask you a question? Suppose the warrant only had said both there can be a search of the wallet and you cannot impede or obstruct that search. Suppose that's all it said. Would there have been any notice problem in the case? Well, in that language, the warrant did give law enforcement an opportunity. I'm just saying, if all the warrant had was the provision saying about the wallet could be searched and you can't impede or obstruct it, would there have been a notice problem with only providing the warrant to counsel? Yes. There's a difference between... Where in your brief do you say that? That the... That that alone would have been a notice problem. I thought your focus seemed to be on the other aspects of the warrant. I'm just trying to isolate, because the district court found that there was a contempt for violating the obstruction portion of the warrant. Correct. But the notice requirement in this warrant was unique because it required the contender to actually self-execute the warrant. And I'm asking you, if independent of that requirement, does the warrant otherwise, in including the obligation not to obstruct or impede it, cause a notice problem if it's only provided to counsel? Normally not in those types of situations. What should we do in this case, given that the district court found contempt on grounds that seem not to implicate anything other than, in part at least, one of the grounds it gives seems to be the distribution of the assets as obstructing or impeding the search, independent of any obligation of who returns the money, etc.? Well, the respondent, when he was dispersing the assets, which began two days before the warrant was even obtained, so it wasn't in response to the warrant. It continued throughout. I'm sorry? Continued thereafter. And continued for days after without ever being informed of the content of the warrant. That's why I'm asking, when counsel was notified of a warrant saying, effectively, you can't disperse assets, if that's all the warrant said, would there be any problem with finding contempt of a defendant who continued to disperse assets? If he wasn't given notice of it, yes. And suppose his counsel was given that warrant. Would that count as notice? I don't see anywhere in your brief where you say that would not be sufficient notice if the warrant simply said you cannot disperse the assets of the account. That hypothet was not presented in the brief only because this warrant didn't just have that. It had numerous requirements. But the finding of contempt seems based on violations that don't implicate those other provisions. That's what's concerning me. The finding of contempt about obstruction doesn't seem to implicate anything other than the disbursement, does it? To have civil contempt, you have to have actual notice. Service on the attorney, constructive service on a third party, isn't giving actual notice to the contender. There has to be actual notice. I was asking just for an ordinary warrant. You have all this stuff about subpoenas, which seems tied to the fact that this warrant was unusual in requiring the defendant to do something himself. Correct. But in an ordinary warrant that says I'm going to search your bank vault and you can't disperse the assets in the meantime because that will be obstructing it, can I serve that on counsel and treat that as notice or not? Not if you're going to hold them in contempt. Where in your brief do you make that point? I make the point that there's a difference between service, proper service, and actual notice. But you do it in the context of the features of the warrant that required him to do something. That's how come you analogize it to a subpoena. Correct. But in a warrant that doesn't require him to do anything other than not obstruct by dispersing all the funds in the vault, I don't see anything in your brief that says that's a problem. This warrant required two things.  And self-execution of the warrant and to prevent him from doing something. So there's two aspects of it. And there's a finding of contempt based on him doing the obstructing. Well, by failing to follow the order of the magistrate judge not to interfere with it. Based on the disbursement of the funds. Correct. But he has to have actual notice to refrain from doing something in order for him to be held in contempt for actually not refraining from doing something. That's the problem with this warrant. So in the civil contempt, as your Honor is well aware, it's a forward-looking punishment. You have to have the ability to comply with the warrant. If I might just interrupt you for a second. At times, in reading your brief, I had the feeling that you were making a more basic argument as opposed to the merits of the court's contempt finding. You seem to be arguing that as a matter of law, the district court had to hold an evidentiary hearing. And the failure to do that was in itself a legal error. Forget all of the requirements of the contempt finding, which obviously are very important. But you seem to be making a more fundamental argument that the court could not even assess the elements of a contempt finding in the absence of an evidentiary hearing. You seem to say that over and over again. But I could not find any citations to legal authority requiring that there be an evidentiary hearing in the absence of some evidentiary submissions on your part that might generate some factual issues. When the court issued its rule to show cause, that is basically asking the respondent to answer the government's accusations regarding the disbursement of the funds. There was no request by the court to have a hearing to present evidence to do so. The party responded by way of two motions. One was to quash the warrant, and the other was in response to the rule to show cause. Counsel, wouldn't it have been then the obligation of your client, the lawyer at the time, to show that there were evidentiary disputes, that there were real factual disagreements that warranted a hearing? And if you didn't do that, then why would the district court conclude that a hearing was necessary? They raised the conflicting factual issues in response to the rule to show cause in its pleading, in its response. In that response, they raised the issue that there was no notice given to the client until after the wallet was emptied. The lawyers representing him at the time argued that there was a failure to properly serve the warrant itself. But that's a legal argument. My understanding from your opposing counsel's brief is that there weren't actually any affidavits, declarations. There were not. My position is that they don't have to be in response to a rule to show cause. But the disputed point of fact, then, in your view, all goes to questions of notice, right? It goes to the question of actual notice. Right. So that's what you wanted the evidentiary hearing on, which only is something that there needs to be a hearing on if there was any reason to think you had any entitlement to more notice than you got based on it being served on counsel. Well, if the court here finds that constructive service on a counsel for a contender is enough to hold a contender in contempt for failing to comply with the contents of a warrant that he didn't know about, we have a problem. Okay. No question. Right. Okay. So then that's why I'm back to my concern about where in your brief do you challenge or make an argument that just with respect to the portion of the warrant that gave perfect notice that you cannot interfere with it or obstruct it by looting all the funds in the account? In the response. Doesn't it make it clear at least you can't do that? In the response to the court's rule to show cause, the lawyers raised that issue through the correspondence between the attorney and the government when the attorney opened the email for the first time two days later and learned there was a 24-hour provision to transfer those funds. And in that raises a question of fact whether or not the respondent had actual knowledge. But the question is did he have to have actual knowledge? The legal issue is if there's constructive notice based on a warrant being served on counsel, if all the warrant says is don't loot the vault we're going to search. And I don't see where in your brief you say that is wrong, that there has to be actual notice in that circumstance. There's a difference between proper service giving notice and one that requires compulsion on the part of the person receiving it. Similar to a Rule 45 subpoena. I'm asking about the part of the contempt finding which didn't find contempt based on him not doing what was compulsory and what instead involved him doing what was prohibited, which was dispersing the funds. I take it that's what the district court in part based the contempt finding on, and I don't see you disagreeing with that. No, in part they did. Okay, so with respect to that part of the contempt finding, where in your brief do you say constructive notice is not enough? I say constructive notice is not enough because the contender has to have actual knowledge of both parts of that. But the only arguments you make as to why actual notice is required are based on the analogy to the subpoena, which doesn't relate to a prohibitory condition in a warrant. That is what I'm trying to get you to address. Right. Well, I believe that in the court's order creating an issue to be responded to by the attorneys, it was responded to in writing. And part of that was the actual ability of the individual to have actual notice when there was service on an attorney who never passed that information on to his client. So I think that we never parsed in the brief the multiple requirements of the individual when Mr. Reynoso had no knowledge whatsoever of the content until the wallet was already emptied. And that was raised by way of the documents submitted by the attorneys at the time to the court in response to the rule to show cause. And they specifically requested a hearing to further present evidence on those issues. Thank you. Thank you. Thank you, Counsel. At this time, would Counsel for the Government please introduce himself on the record to begin? Is this as high as it goes? I just want to make sure you can hear me. We can adjust in the future. Well, I can adjust myself as well. Good morning, Your Honors, and may it please the Court, Michael Rotker from the Department of Justice on behalf of the United States. Your Honors, the sole issue presented in this appeal is discreet and it is narrow, and it's the one that Judge Lopez identified in his questioning to my opponent. The only question before this Court is whether the district court abused its discretion in declining to hold an evidentiary hearing. But suppose actual notice is required. Wouldn't there have to have been a hearing as to whether there was actual notice? Well, first of all, as Your Honor pointed out, we don't understand the brief to be raising that issue. But let me answer the question. If actual notice is required, the district court did find actual notice. It found notice based on two factors. Number one, constructive notice. That's not actual notice. No, no. I said two factors. One is constructive. The second one is the actual notice. The actual notice finding that the court found was inferred from the timing, the sequence, and the number of transfers that took place in relation to when the warrant was served. But was the record, in your view, insufficient even to create a disputed fact as to actual notice? Yes. Yes, because the government in its submissions regarding the show cause order, the government presented evidence. We presented an affidavit. We presented documentary evidence saying there were no facts in dispute as to contempt. In his response, as Judge Rickleman pointed out, there was no countering of our evidence with evidence. They were just assertions. And if this court's decision in Goya Foods — But suppose you just have an inferential case for actual notice. That is all we're saying is an inferential. We have constructive — There doesn't then need to be a hearing on that? No, because he didn't meet his burden of proof. The district court found — let me try to phrase it this way. The district court made the twin findings of notice. He didn't contest that with any evidence of his own, so our submission was unrebutted. And therefore, there's no need for a hearing, right? The only reason — Counsel, can I just ask you, in terms of what the underlying papers showed to the district court, can you just confirm? The government basically said all of these transactions can be — I don't understand this type of currency, so I'm going to get the — It's new to me, too, so don't worry. But essentially, you were able to trace them all through publicly available information. Through the blockchain, yeah. Right, so you could see, you know, this amount was transferred this day. And you presented all of that information to the district court. In an affidavit.  Yes. And you said — and therefore, just looking at the timing, just like you represented to us — Yes. — and these particular transactions — Yes. — and when the email was sent to the attorney and et cetera —  — that all of that was enough to find actual — Yes. That was the government's position. Well, we — I don't believe that there was really any — there was no real litigation below about actual notice being required. I know the defense said that, but that wasn't a contested issue. And when the district court found the four requirements for contempt, as I said to Chief Judge Barron, it found notice based on counsel's explicit statement that he was accepting service on behalf of Mr. Renoso and the inferential chain of reasoning that Your Honor pointed out and that we submitted in our evidence. And I think, again, just to come back, all these questions about adequacy of notice and whatnot, we laid it out in our brief because there were some references to it in the defense opening brief. But we said that he's waived the issue by failing to brief it. And in his reply, he doesn't take issue with that. So none of that is really properly before the court. The only question is whether or not there was a requirement or whether the district court abused its discretion by deciding this case on the papers without a hearing. And I think the fundamental teaching of this court's precedent in Goya Foods is that in the civil contempt suit, where one party presents evidence that the facts are not a dispute, the other party has to counter that evidence with evidence of their own. They didn't do that. In response to the order to show cause on page 2, which is in the addendum to the ‑‑ I'm sorry, it's not in the addendum, it's in the appendix, document 14, all the defense says is in light of significant issues of material fact and dispute, Mr. Reynoso requests an evidentiary hearing. That's vague. It's nonspecific. It doesn't isolate notice. I don't want to interrupt you. No, please do. Was the e‑mail in the record? Yes. All the e‑mail correspondence is part of the record. Right. So that's why I think that they're saying there was a sufficient basis for a dispute about whether there was actual notice. Even if you give them the benefit of saying that that's the dispute, it's not a genuine issue of material fact because there's no evidence. All they had to do is have an affidavit signed by Mr. Reynoso or signed by the lawyer. Mr. Reynoso could have signed an affidavit saying I didn't know about this warrant. Could a fact finder not have found based on the e‑mail exchange that there was not actual notice? Could the fact finder have found that there was not actual notice? No, because there was no evidence. The evidence was the e‑mail saying that I didn't open up the document and therefore never told my client. But the district court found otherwise. But I'm just saying, on the question of whether there was a disputed basis in the record, at the time the evidentiary hearing was denied, did the e‑mail correspondent provide a basis for a fact finder to find other than the district court found? It would seem that the e‑mails would, so there would be a basis for them having an evidentiary hearing. I don't think the e‑mail, I'm not sure I follow how the e‑mails would have permitted the fact finder to find there was no actual notice. First of all, I'm sorry. Why don't you answer that? I'll come back to you, Your Honor, yes. The e‑mail exchange arguably with the attorney accepting service of process, I guess that could be viewed as constructive notice to the contemnor. But it's your position, I gather, that in responding to the submissions of the contemnor, you provided affidavits describing for the court what happened in the wake of that service on the attorney, namely, basically, in rapid succession, the emptying of the wallet.  And I gather it's your argument that that goes to the issue of actual notice. Yes. Why else would he do all of that if he did not know that a warrant had been served on his attorney advising him that he can't do that? That is exactly our point, and that's what I was saying in response to Chief Judge Barron. Right. There are two arguments. There's the notice to the counsel, but then the sequence and the timing of the transfers. Remember, the first transfers began 75 minutes after the warrant was served on counsel. And the district court, in considering that issue, said, well, maybe this is serendipitous happenstance, but I don't buy it. Right? I buy that he knew what he was doing. This was all part of a concerted effort. Just take it this way. Suppose they put an affidavit in. The affidavit said, I never was told by my counsel. Right. Counsel got it, and I never was told about it.  And then the record also shows the transactions occurring just in the way they occurred. Right. After counsel was plainly notified. Right. Would there have to have been an evidentiary hearing? Yeah, if they would have put it in an affidavit denying an element of contempt. And so even if they don't have that, but they then say instead, here's an email exchange in which counsel says, I never told client, that's not enough to create an evidentiary hearing?  Well, what evidence, what authority do you have for that? I mean, a jury could, an individual person could conclude if counsel says, I never told my client, I don't need an affidavit from client saying I was never told by counsel. But counsel just said that in an unsworn document. It's not, that's what, that's all we're saying is that all he had to do is, all counsel had to do is type out a two-sentence affidavit. Right? It's just that it's unsworn. And I think the central teaching in Goya Foods, this court dealt with a civil contempt case that is very analogous. Goya sought to hold the appellants in civil contempt for violating a court order. And it presented evidence, as this court described it, that showed what the contenders had done, when they had done it, and how they had met the elements of contempt. The contenders responded, and, but they didn't present any evidence. And they were found in contempt. The case went up on appeal. And this is one of the arguments. Counsel, just to make sure we fully understand your argument, because I think we're familiar with that case. But really what you're saying is, there was a choice whether to submit a statement under oath. Yes. That matched the email from the counsel. And there was a choice whether to submit a statement under oath, subject to the penalties of perjury. Yes. For both the lawyer and the client. And the choice was made not to submit any statement under oath. And that's something that the district court could, using its practical knowledge and common sense. And its discretion, yes. Decide has impact. Because an email is not the same as a statement made under penalty. Penalties of perjury. Is that essentially your argument?  The penalty of perjury requirement serves an important function. And, again, it is on abuse of discretion review. So, perhaps, perhaps, Chief Judge Barron, the district court could have said, all right, the email's enough. I'm going to hold the hearing. But the question before this court is, did the district court go so far outside of its discretion in declining to hold a hearing under these circumstances? I think for the reasons the court has. And you're saying for purposes of that, we can assume actual notice was required. You can assume it. We don't think it is. I understand. But you're saying for purposes of this thing, we can assume it. Yes, you can assume it. So we don't have to get into whether it is or not. Yes, I would prefer that you not. But, yes, you can certainly assume it. And I think for all those reasons, the district court was within its discretion. Well, why do you prefer that we not? Well, because I think it's a difficult issue, honestly. I think that you don't need to, you know, as a matter of judicial restraint, I don't think you need to decide the question when there's been less than complete briefing. This case is arising solely in the context of a request for an evidentiary hearing. I don't think the notice issue has been as squarely teed up and litigated. As I said, there are cases that go the other way from other circuits. This court has never used the phrase actual notice. It has said notice. It has said adequate notice. Other circuits have adopted constructive notice. So I would prefer on the circumstances, since it's not necessary to do so, that the court simply bypass that issue, as Chief Judge Barron said, and just simply assume it. Going back to your exchange with Judge Ruckelman, and I just don't recall the district court analysis off the top of my mind, but did the district court conclude that the reason why the evidentiary hearing would be denied with respect to even a debate over actual notice was because of the absence of a sworn statement, or did it decide that it was just because of the serendipitousness of the timing? The district court didn't go into great detail, Your Honors. Fine. But did it do anything? What did it do? That's what I was about to say. On footnote one in the addendum, which is on page 11, it says the facts are not in dispute, so a hearing is not necessary. I take that to mean that there was no – again, given the background of Goya Foods, given the fact that evidence has to be countered with evidence, and the absence of evidence, I take the district court to mean the facts were not in dispute because there was no genuine issue of fact. There was no contrary evidence. There's just two different points here.  And just so I understand what we're supposed to do, for purposes of just determining whether an evidentiary hearing could be held, could the district court have held one based on the email? Yeah, I think it's within its discretion. It is, so it doesn't need a sworn statement. Well, it doesn't need it except that in this case, once we presented evidence, it did need a sworn statement. So then it couldn't have? In theory, in general. It could have. In this case, could have it held an evidentiary hearing within its discretion? No, not – because once we put on evidence, they had to counter it with evidence, and they didn't present any. That's Goya Foods. And the email can't count in that regard? It's not sworn. Correct. And Goya Foods makes that clear for purposes of this part of the analysis? No, Goya Foods doesn't make that clear. So what would make clear, since we have to write an opinion, what is going to justify the conclusion? That the email alone just simply can't be considered once you put in the evidence? There is no case directly on point. It's the general principle. It's a general principle that when a party is alleging there's a genuine factual dispute and one side submits evidence, the other side has to counter evidence with evidence. You can't rely on statements in briefs. You can't rely on unsworn or unattested to assertions to carry that burden. There's summary judgment precedents, which are, I think, analogous in this context, that make that clear. He submitted the email at trial? I mean, wouldn't it count as evidence that he would have hearsay issues? It's a hearsay issue, yeah. There was no objection to it on hearsay grounds? In terms of just abusive discretion, when we're trying to write an opinion, we're trying to figure out what the district court did and what its logic was. I guess that's a lot of teasing out from a footnote that just says, basically, I don't see a dispute of fact, which could have been, as you initially said, because it would just be beli all understanding to think that there was this serendipity. Well, I think, in fairness, one of the reasons the district court may not have teased out the analysis is because the defense just made a passing statement. They didn't elaborate. I believe one of your honors asked the question about, well, the whole point of a hearing was to have note. We don't even know what they alleged. There was no proffer, if you will. It was simply there are disputed issues of fact that, therefore, we need a hearing. Did they raise the actual notice claim to the district court? They challenged all the requirements, but not in a proffer. What they said is the government didn't prove notice. The government didn't prove this was a willful dissemination of the assets in violation of the non-obstruction clause. The government didn't prove. They didn't say, we don't have notice. They didn't say, my client never had notice. They're just tiptoeing around what the government proved. It's not a proffer. And I think Goya Foods and the general principles of federal practice say, when one side presents evidence, if you want to have a hearing, the other side has to present evidence to make it a genuine issue of fact. Absent evidence on one side of the scale, that's where Goya Foods comes in. And it said there's an evidentiary void. When one side has evidence, the other side doesn't. I guess last time, if we were to write it your way, what would I say, in your view, to explain why the e-mail is not evidence? Because it wasn't a sworn statement. All they had to do was put on an affidavit. They were notified of that possibility. The government put on affidavits. All they had to do was meet apples with apples. And they didn't. The failure to do so under Goya Foods, the district court, therefore, was well within its discretion to decline to hold an evidentiary hearing. I don't have the district court's decision in front of me. Was there any statement that you often will find in this kind of situation that there are no disputed facts, something to that effect? Is there a statement to that effect in the district court's decision? Yes. And my time is going to expire, but if I may just answer the court's question. Please. At addendum page 11, in both the text and then the footnote, the district court has a background section. This is the order finding contempt. The following facts are not in dispute. That's what I thought. Followed by a footnote. The footnote then says, because the facts are not in dispute, a hearing is not necessary. And what are the facts that it then lists as the ones not in dispute? Well, he goes through, I think, largely what Judge Rickleman was saying before, which is sort of from our brief. He goes through the Bitcoin. Is there a finding that there is no dispute over actual notice? There is not. I don't believe the court made a specific finding on that precise issue. But what the court did say was that there was adequate notice. What do we do about it? Adequate, fine. But then if there was a legal argument being made that actual notice was required, that's ambiguous as to whether it thought constructive notice was enough. Well, the district court didn't understand them to be raising an actual notice argument. Is the phrase actual notice in any of the defendant's papers before the district court? That I can't recall. I know they say that in their appellate brief. I don't recall in candor. I don't recall if they said that below. But, again, this wasn't an issue that was fleshed out at great length because the district court did find constructive notice and the inferential, if you will, actual notice through the sequencing of events. And the rejection of the defendant's idea that this was just fortuity and happenstance, that he started transferring the money 75 minutes after the warrant was served. Thank you, Your Honors, for your time. We would ask the court to affirm. Before you sit down, I do want to just follow up this one thing because I don't know if this would be a different route to resolving the case. Sure. The district court did base contempt as one of its grounds on the violation of the instruction and impeding portion of the warrant. Correct. Which didn't implicate the compulsory aspects of the warrant. Correct. Does the government have a position as to whether actual notice is necessary even for that type of warrant before the subject of the warrant can be held as contempt? No. I don't know because, honestly, we don't have a position on that. We don't have a position because I don't understand this case to have raised that question, so we don't have a position on it. I think, again, I'll just rest with that. Thank you, Your Honor. At this time, would counsel for the appellant please reintroduce himself on the record? He has a two-minute rebuttal. Thank you. Roy Kahn, again, on behalf of the respondent, the appellant herein. Regarding the Goya Foods case, those facts were quite different. In Goya Foods, the contender was a third party that was allegedly aiding and abetting the conduct of the party that was contemptuous. The court held a hearing, not an evidentiary hearing, but the court had the contender come to the hearing and explain why he shouldn't be held in contempt. Unfortunately, the contenders did not give any reason as to date, time, or conduct that was in conflict with the allegations, so the court held them in contempt. And the opinion stated, based on that, it would be totally unnecessary to have an evidentiary hearing on top of that. Did you argue to the district court that actual notice was required? I did not. I was not the counsel. I'm going to treat you constructively as the other counsel. Counsel below did, in fact, argue the four elements that were necessary. That's not what I asked. Did they make the argument about actual notice to the district court? In the phraseology that the client was not given the content of the warrant until after the wallet was emptied. But no argument was developed that therefore that's not enough because actual notice is required? There was no legal argument made at the time, only factual responses. Two points I'd like to make before I sit down. Number one, the court never requested nor asked in its rule to show cause that evidence be presented in the form of written documents, sworn statements, only that they respond in writing to the rule to show cause. Number two, in the judge's order of contempt, he never makes the finding that because there was no evidence presented in this cause by the defendant, there's no need for a hearing. The court made credibility findings from written documents. He basically discounted the attorney's statements that he made in his e-mails, made credibility findings. I understand you were not counsel below, but in the face of these evidentiary quality submissions by the government in support of their position, just as a matter of basic good practice, common sense, why wouldn't the opposing party respond, be very simple to do, with an evidentiary submission confirming in evidentiary form that assertion in the e-mail? Be a very simple thing to do. I agree that that could have been done. Maybe risky. I'm sorry? Maybe risky. I agree. We wouldn't be here maybe had that been done. However, in most rules to show cause, once a rationale is presented to contest the concerns raising the contempt issue, a court would set a hearing. Or even in the rule to show cause, the court would set a hearing date for the parties to come in and present reasons and evidence why. But in this case, all the court did is ask to respond to the allegations to show why you shouldn't be held in contempt, and they literally responded just in writing. And then asked, based on those reasons, why he shouldn't be held in contempt for that hearing. Thank you. Thank you, Judge. Thank you, counsel. That concludes argument in this case.